8750

### TOWN OF DILLON v. SALEEBY.

CITIES AND TOWNS—ORDINANCES—CIDER—POLICE POWER—CONSTITUTIONAL
LAW.—The town of Dillon, under sec. 2994, Code of 1912, has author-
ity to prohibit the sale of cider in the town except to those persons
holding certificates of physicians that it is to be used for medicinal
purposes. Such ordinance is a proper exercise of the police power
and does not contravene either the State or Federal Constitution.

Before FRANK B. GARY, J., Dillon, September, 1913.
Affirmed.

Indictment by the town of Dillon against Charlie Saleeby.
From Circuit order affirming judgment of mayor, defendant
appeals.

*Messrs. Sellers & Moore,* for appellant.

*Messrs. Gibson & Muller,* contra.

March 18, 1914. The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK. Appellant was convicted of sell-
ing cider in violation of an ordinance of the town of Dillon,
which prohibits the sale of "any Jamaica ginger or alcohol
or any other ingredient of a similar nature, by whatever
name called, or any cider of any kind, without the certifi-
cate of a licensed physician that the same is to be used for
medical purposes."

The uncontradicted evidence shows that all cider contains
some alcohol; that at the places where cider was sold, the
rough element of the community congregated. became noisy
and boisterous, and, in some cases, intoxicated, and blocked
the sidewalks in front of them, so that pedestrians had to get
off them into the streets to pass by; that frequent arrests
for drunkenness and disorderly conduct were made at such

·places, and that they were, in fact, nuisances; that since the sale of cider has been stopped, such nuisances have been abated, and much better order has prevailed.

The appeal questions the validity of the ordinance on the ground that council had no power to adopt it, and on the further ground that it is unconstitutional. Section 2994, vol. I, Code 1912, confers upon city and town councils authority to make "all such rules, by-laws, regulations and ordinances respecting the roads, streets, markets, police, health and order of said cities and towns, or respecting any subject as shall appear to them necessary and proper for the security, welfare and convenience of such cities and towns, or for preserving health, peace, order and good government within the same." The ordinance is clearly within the grant of power.

Neither discussion nor citation of authority is necessary to show that the ordinance bears a substantial and reasonable relation to the purpose sought to be attained, to wit, the preservation of health, peace, order and good government within the town. It is, therefore, a proper exercise of the police power, and violates no provision of either the State or Federal Constitution.

Affirmed.